# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 19, 2019

157565

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellant,

v

KATHLEEN LOUISE WILLIAMS,
     Defendant-Appellee.
_____/

SC: 157565
COA: 332834
Wayne CC: 15-009466-FH

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

By order of July 27, 2018, the application for leave to appeal the February 22, 2018 judgment of the Court of Appeals was held in abeyance pending the decisions in *People v Davis* (Docket No. 156406) and *People v Price* (Docket No. 156180). On order of the Court, we VACATE that part of our July 27, 2018 order that held this application in abeyance for *People v Price* (Docket No. 156180). *People v Davis* (Docket No. 156406) having been decided on March 22, 2019, 503 Mich 984 (2019), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE Part II.B. of the February 22, 2018 judgment of the Court of Appeals related to mutually exclusive convictions and REINSTATE the defendant's conviction of larceny in a building.

In this case, the jury was instructed that to convict the defendant of larceny from a person, it must find that the defendant took the property from the victim's person or immediate presence. See MCL 750.357; *People v Smith-Anthony*, 494 Mich 669 (2013). However, with respect to the larceny in a building conviction, the jury was *not* instructed that it must find that the property was *not* taken from the victim's person or immediate presence. Since, with respect to the larceny in a building conviction, the jury never found that the property was not taken from the victim's person or immediate presence, a guilty verdict for that offense was not mutually exclusive to the defendant's guilty verdict for larceny from a person, where the jury affirmatively found that the property was taken from the victim's person or immediate presence. As we explained in *Davis*, regardless of whether this state's jurisprudence recognizes the principle of mutually exclusive verdicts, that issue is not presented in these circumstances. Accordingly, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate the defendant's larceny in a building conviction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 19, 2019 _____



Clerk

a0612